Frank T. Spano (FS-1193)
Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
*Attorneys for Defendants*
*Immunex Corporation and Amgen Inc.*

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 03 2009 ★

**BROOKLYN OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ELLEN SIGMUND COSTOSO, JACK COSTOSO

                    Plaintiffs

    – against –

WYETH, WYETH PHARMACEUTICALS INC.,
IMMUNEX CORP., AMGEN INC., JOHN DOES 1-10
AND XYZ CORPORATIONS 1-10,

                    Defendants.

------------------------------------------------------------X

Case No.: 09 ████ 3337

COGAN, J.

**NOTICE OF REMOVAL**

TO:   CLERK, UNITED STATES DISTRICT COURT FOR THE
       EASTERN DISTRICT OF NEW YORK

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Immunex Corporation

("Immunex") and Amgen Inc. ("Amgen"), by their undersigned counsel, hereby file this Notice

of Removal of the action styled *Ellen Sigmund Costoso v. Wyeth*, Index Number 15200/09,

currently pending in the Supreme Court of the State of New York, County of Kings (the "State

Court Action"), and state as follows:

    1.    Plaintiffs Ellen Sigmund Costoso and Jack Costoso ("Plaintiffs") filed a

Summons and Verified Complaint (the "Complaint") with the Supreme Court of the State of

New York, County of Kings on June 18, 2009.  A true and correct copy of the Summons and

Complaint is attached hereto as Exhibit A.

2.      Upon information and belief, Immunex was first served with the Complaint through the New York Secretary of State on July 3, 2009. Amgen was first served with the Complaint through the New York Secretary of State on July 6, 2009, with service on the Corporation Service Company on July 8, 2009. Defendants Wyeth and Wyeth Pharmaceuticals Inc. were first served with the Complaint through the New York Secretary of State on July 3, 2009. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446.

3.      Immunex, at the time this action was filed and as of the date of this Notice, was and is a corporation incorporated under the laws of the State of Washington, with its principal place of business in the State of California.

4.      Amgen, at the time this action was filed and as of the date of this Notice, was and is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of California.

5.      Wyeth, at the time this action was filed and as of the date of this Notice, was and is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of New Jersey.

6.      Wyeth Pharmaceuticals Inc., at the time this action was filed and as of the date of this Notice, was and is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Pennsylvania.

7.      Plaintiffs, at the time this action was filed and as of the date of this Notice, were both citizens of the State of New York. (Complaint at ¶ 1).

8.      The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, although defendants deny any liability whatsoever. In the

Complaint, Plaintiffs Ellen Sigmund Costoso seeks compensatory damages under claims of strict products liability, negligence, breaches of express and implied warranty, fraudulent misrepresentation and breach of duty to warn, each in the sum of Twenty Million ($20,000,000) Dollars and for punitive damages in the amount of One Hundred Million ($100,000,000) Dollars. (Complaint ¶¶ 35, 40, 47, 54, 62, 68, 75).  Plaintiff Jack Costoso seeks damages for loss of consortium in the amount of One Million ($1,000,000) Dollars.  (Complaint ¶ 72).

9.     This court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332, because Plaintiffs and defendants, were and are citizens of different states and the amount of controversy is in excess of $75,000.00, exclusive of interests and costs.

10.    This action is properly removed to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1441(a), in that said District Court embraces the state court where the State Court Action was filed.

11.    Immunex and Amgen desire to remove this action to this Court and submits this Notice, along with all other process, pleadings and orders that have been served upon them. *See* Exhibit B.  Immunex and Amgen have not filed an appearance, answer or other pleadings in the State Court Action, nor are they aware of any other process, pleadings, or orders filed in the State Court Action.

12.    Written notice of the filing of this Notice of Removal is being given to Plaintiffs. A copy of this Notice of Removal and supporting papers are being filed with the Supreme Court of the State of New York, County of Kings, as required by 28 U.S.C. § 1446(d).

13.    Immunex and Amgen do not waive any objections they may have to service, jurisdiction, or venue, and any other defenses or objections to this action.

14.    As indicated in the Consents to Removal attached hereto as Exhibits C and D,

removed to this Court.

Dated: August 3, 2009

Respectfully submitted,

HOGAN & HARTSON LLP

By: _____

Frank T. Spano (FS-1193)
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Email: ftspano@hhlaw.com
*Attorneys for Defendants*
*Immunex Corporation and Amgen Inc.*

4

FSC

Mixed Sources

Cert no. SW-COC-002980
www.fsc.org
© 1996 Forest Stewardship Council

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------x
ELLEN SIGMUND COSTOSO, JACK COSTOSO

Index No.: 15200/09
Date Purchased:

                                    Plaintiff,                    **SUMMONS**

            -against-                                    **Plaintiff designates**
                                                         **KINGS COUNTY**
WYETH, WYETH PHARMACEUTICALS INC.,
IMMUNEX CORP. AMGEN INC., JOHN
DOES 1-10 AND XYZ CORPORATIONS
1-10,                                                    The basis of venue is:
                                                         Plaintiff's residence
                                    Defendants.
-----------------------------------------------------------x

**To the Above Named Defendants**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a

copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's attorney within 20 days after service of this summons, exclusive of

the day of service (or within 30 days after service is completed if this summons is not personally

served upon you within New York State); and in case of your failure to appear or answer,

judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
        April 24, 2009

                            **LAW OFFICE OF RONALD SAFFNER**
                            Attorney for the Plaintiff

        By:     _____

                **RONALD SAFFNER**
                110 Wall St. 11th Floor
                New York, NY 10005
                212-619-6030

2009 JUN 18 AM 2:56
KINGS COUNTY CLERK
RECEIVED

**Defendants' addresses:**

WYETH
5 Giralda Farms
Madison, NJ 07940

WYETH PHARMACEUTICALS, INC.
500 Arcola Road
Collegeville, PA 19426

IMMUNEX CORP.
1 Amgen Center Dr.
Thousand Oaks, CA 91320

AMGEN INC.
1 Amgen Center Dr.
Thousand Oaks, CA 91320

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------x

ELLEN SIGMUND COSTOSO, JACK COSTOSO

Index No.:
Date Purchased:

Plaintiff,

-against-

**VERIFIED COMPLAINT**

WYETH, WYETH PHARMACEUTICALS INC, IMMUNEX
CORP. AMGEN INC., JOHN DOES 1-10 AND
XYZ CORPORATIONS 1-10,

Defendants.

------------------------------------------------------x

Plaintiffs Ellen Sigmund Costoso and Jack Costoso, by their attorney Ronald Saffner, Esq.

complaining of the Defendants, as and for their Verified Complaint, upon information and belief,

alleges as follows:


**JURISDICTION**


1.      At all times hereinafter mentioned, Plaintiffs Ellen Sigmund Costoso and

Jack Costoso resided in the County of Kings, State of New York.


2.      The Supreme Court of the State of New York has jurisdiction over the

corporate Defendants because, based on information and belief, each is a corporation organized

under the laws of the State of New York, or has a principal place of business in the State of New

York, or is a foreign corporation authorized and registered to do business in the State of New

York pursuant to filings with the New York Secretary of State, or have sufficient minimum

contacts in the State of New York, or otherwise avails itself of the New York market so as to

render the exercise of jurisdiction proper over Defendants by the New York Courts.

3.       Defendant Wyeth is a Delaware corporation with its principal place of business located at 5 Giralda Farms, Madison, New Jersey. At all times relevant hereto, said Defendant was engaged in the testing manufacturing, labeling, marketing, distributing, promoting, and selling of drugs, including Enbrel. (hereinafter also referred to as the product)

4.       Defendant Wyeth Pharmaceuticals, Inc. is a Delaware corporation with its principal place of business at 500 Arcola Road, Collegeville, Pennsylvania. At all times relevant hereto, said Defendant was engaged in the testing manufacturing, labeling, marketing, distributing, promoting, and selling of drugs, including Enbrel.

5.       Defendant Immunex Corp. is a foreign corporation with a principal place of business at 1 Amgen Center Dr. Thousand Oaks, California. At all times relevant hereto, said Defendant was engaged in the testing, manufacturing, labeling, marketing, distributing, promoting, and selling of drugs, including Enbrel.

6.       Defendant Amgen Inc. is a foreign corporation with a principal place of business at 1 Amgen Center Drive, Thousand Oaks, CA. At all times relevant hereto, said Defendant was engaged in the testing manufacturing, labeling, marketing, distributing, promoting, and selling of drugs, including Enbrel.

## FACTUAL BACKGROUND

7.       That Plaintiff, Ellen Sigmund Costoso, was prescribed, purchased and used Enbrel on or about and between January 1, 2006 until October 2007.

8.    Plaintiff, Ellen Sigmund Costoso suffered severe personal injuries, which were proximately caused by her consumption of Enbrel, a drug that was created, designed, formulated, fabricated, analyzed, tested, manufactured, labeled, produced, packaged, promoted, recommended, distributed, marketed, advertised and sold by all Defendants .

9.    At all relevant times, all Defendants, were in the business of and did create, design, manufacture, label, test, formulate, advertise market, promote, sell, and/or distribute Enbrel to the general public.

10.    At all relevant times, all Defendants, acting by and through their authorized agents, employees, servants, managers, directors, workmen, acted within the scope of their employment or relationship with said Defendants and in furtherance of the Defendants' businesses.

11.    The Defendants submitted Enbrel for approval to the United States Food and Drug Administration.

12.    That all Defendants knew, or should have known that Enbrel significantly increased risk to their users of suffering various kinds of serious deleterious infections and other injuries.

13.    That all Defendants misrepresented and concealed the risks inherent in the use of Enbrel in their applications for approval to the FDA and to other governmental

persons and/or agencies, alleging that the products were both safe and effective, when they were not.

14.     That all Defendants knew, or should have known, based on the state of knowledge as it existed at the time, and upon generally accepted medical and research standards and principles, that Enbrel carried significantly increased risks of serious infections and other injuries.

15.     That all Defendants knew and were aware, or reasonably should have known and been aware, that Enbrel had not been sufficiently tested; that Enbrel lacked adequate warnings; and that Enbrel was manifestly dangerous to its users.  Nevertheless, all Defendants obtained FDA approval of the products in their defective forms, and eventually brought the product to the market despite their potential harmful effects upon their users including Plaintiff herein.

16.     That all Defendants made certain claims that were distributed and circulated throughout the medical profession and general public through advertising, literature, brochures, and other materials stating that Enbrel was a safe and effective drug for treatment of rheumatoid arthritis

17.     Defendants, their agents, servants and/or employees, created, designed, formulated, analyzed, manufactured, labeled, produced, packaged, promoted, recommended, marketed, advertised, distributed and sold the products without making proper and sufficient tests to determine the dangers and contra-indications thereof, and without

sufficiently warning to users and the medical community of the risks inherent in its use, as well as the dangers, contra-indications and side effects inherent in the drug.

18.    Defendants acted intentionally purposely, recklessly, and/or negligently when advertising, marketing and recommending use of the product as safe and effective, without sufficient warning as to their potentially dangerous propensities; the risks inherent in the use of Embrel as well as the dangers, contra-indications and side-effects inherent in this drug; represented that the drug was safe for use for their intended purpose, when in fact they were unsafe; and otherwise failed to appropriately warn users, including Plaintiff, and the medical community of the dangers, contra-indications and side-effects inherent in the products.

19.    That all Defendants also acted intentionally, purposely, recklessly and/or negligently by failing to conduct sufficient, adequate and appropriate testing programs to determine whether or not Enbrel was safe for use.

20.    That all Defendants knew or should have known that the product was unsafe and unfit for use, based upon the state of knowledge as it existed at the time and upon generally accepted medical and research standards and principles, by reason of their dangerous effects, contra-indications and side-effects.

21.    Defendants, their agents, servants, and/or employees, improperly obtained the approval of the FDA to market Enbrel, by misrepresenting the risks; knowing that the product carried a significantly increased risk of developing serious infections; and acted otherwise intentionally, purposely, recklessly, and/or negligently.

22.     That all Defendants were careless and negligent in the creation, design, formulation, fabrication, analysis, testing, manufacture, labeling, production, packaging, promotion, recommendation, merchandizing, marketing, advertising, promotion, distribution and sale of Enbrel

23.     That Plaintiff Ellen Sigmund Costoso, used Enbrel during the period January 2006 through October 2007 in the manner in which it was created, designed, formulated, fabricated, analyzed, tested, manufactured, produced, packaged, promoted, recommended, merchandized, marketed, advertised, promoted, distributed and sold by the Defendants.

24.     By reason of the foregoing acts and omissions by the Defendants, Plaintiff Ellen Sigmund Costoso herein has sustained severe, serious, and permanent personal injuries; has required hospitalization, surgery, and medical care; will require hospitalizations, surgeries, and lifelong attention; has been and will be incapacitated from her normal functioning and will be unable to pursue her normal means of livelihood; has been and will be precluded from having a normal life, physically, intellectually, vocationally, emotionally, and psychologically; and Plaintiff has been otherwise damaged.

## FIRST CLAIM FOR RELIEF
## STRICT PRODUCTS LIABILITY

25.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs set forth above, inclusive, with the same force and effect as if hereinafter set forth at length.

26.     At all times herein mentioned, all Defendants created, designed, formulated, fabricated, analyzed, tested, manufactured, labeled, produced, packaged, promoted, recommended, merchandized, marketed, advertised, distributed and sold the product Enbrel as described above.

27.     The product was expected to and did reach consumers, distributors, and persons coming into contact with said product and otherwise entered the stream of commerce without substantial change in the condition in which they were produced, manufactured, sold, distributed, and marketed by Defendants.

28.     At all times herein mentioned, the product was in an unsafe, defective, and inherently dangerous condition and Defendants knew or had reason to know that the product was an unsafe, defective and inherently dangerous condition when used as prescribed.

29.     That all Defendants, while regularly engaged in the business activities set forth above, created, designed, formulated, fabricated, analyzed, tested, manufactured, labeled, produced, packaged, promoted, recommended, marketed, distributed and sold the product Enbrel that was used by Plaintiff Ellen Sigmund Costoso, as prescribed.

30.     At all times herein mentioned, Defendants failed to appropriately, adequately and sufficiently warn the medical community and the users of the products of their unreasonably dangerous rights and contra-indications and side effects.

31.     Plaintiff, Ellen Sigmund Costoso used the product for the purposes and in the manner intended

32.     Plaintiff could not, by the exercise of reasonable care, have discovered the defects herein mentioned nor could she have perceived their danger.

33.     As a direct and proximate result of the dangerous and defective condition of products created, designed, formulated, fabricated, analyzed, tested, manufactured, labeled, produced, packaged, promoted, recommended, marketed, advertised, sold and supplied by Defendants, Plaintiff was caused to sustain permanent, severe, and grievous personal injuries, as described herein.

34.     By reason of the foregoing, all Defendants have become strictly liable in tort to the Plaintiff for the manufacturing, labeling, design, creation, formulation, production, packaging, promotion, marketing, distribution of the products, as well as for the failure to test and conduct post-marketing surveillance of the products.

35.     By reason of the foregoing, Plaintiff Ellen Sigmund Costoso has been damaged in the sum of TWENTY MILLION DOLLARS in compensatory damages, together with interest thereon.

## SECOND CLAIM FOR RELIEF
### NEGLIGENCE

36.     Plaintiff repeats, reiterate and realleges each and every allegation contained in the paragraphs set forth above inclusive, with the same force and effect as if hereinafter set forth at length.

37.     That all Defendants had a duty to Plaintiff and the general public to exercise reasonable care in the creation, design, formulation, fabrication, analysis, testing, manufacture, labeling, production, packaging, promotion, recommendation, merchandizing, marketing, advertising, distribution and sale of the product, including a duty to assure that the products did not cause users of the product to suffer from their unreasonable dangerous effects, contra-indications and side-effects, and a duty to sufficiently warn users of the dangers inherent in use of the products.

38.     That all Defendants, by their agents, servants, and/or employees, breached their duty of care to the Plaintiff, including but not limited to the following acts and/or omissions.

(a) negligently creating, designing, formulating, fabricating, analyzing, manufacturing, labeling, producing, packaging, promoting, recommending, marketing, advertising, distributing and/or selling the product without appropriately and sufficiently testing said product;

(b) negligently failing to adequately and sufficiently warn foreseeable users and the medical community of the dangers, risks, contra-indications and side-effects inherent in the

product and failing to provide adequate instructions regarding safety precautions to be

observed by users, distributors and persons who would reasonably and foreseeably use and

come into contact with the product;

(c) negligently advertising and recommending the use of the products without

sufficient consideration as to its dangerous propensities;

(d) negligently representing that the product was safe for its intended purpose,

when, in fact, it was unsafe;

(e) negligently conducting insufficient testing programs to determine whether or

not the product was safe for use and continued use; especially in that Defendants herein knew

or should have known that the products were unsafe and unfit for use by reason of the contra-

indications and dangerous effects they posed to person using the products as prescribed;

(f) negligently and improperly obtaining the approval of the FDA to market the

products by misrepresenting the products' risks to the FDA; in knowing that they carry a

significantly increased risks of certain cancers and other injuries in their users;

(g) failing to use reasonable care to make reasonable tests, inspections, trials,

and/or evaluations necessary to discover such defects and unreasonably dangerous conditions

associated with the products;

(h) failing to monitor the effects of the product on its users over a lengthy period of time.

(i) failing to use reasonable care to make the product safe;

(j) failing to use reasonable care to timely discover the dangerous conditions of the product and to remedy said dangerous condition

(k) failing to warn Plaintiff and healthcare providers, prior to actively encouraging and promoting the sale and use of the products either directly, or indirectly, orally, in writing and through the media about the adverse effects, contra-indications and side-effects of the products.

(l) failing to conduct post-marketing surveillance of the products.

(m) in marketing the product for a use other then the use approved by the FDA.

39.     As a direct and proximate result of the aforementioned negligence, recklessness, carelessness, and other wrongdoing, actions and omissions, by all Defendants, Plaintiff was caused to sustain permanent, severe, and grievous personal injuries, as described herein

40.     By reason of the foregoing, Plaintiff Ellen Sigmund Costoso has been damaged in the sum of TWENTY MILLION DOLLARS in compensatory damages, together with interest thereon.

## THIRD CLAIM FOR RELIEF
## BREACH OF EXPRESS WARRANTY

41.     Plaintiff repeats, reiterate and realleges each and every allegation contained in the paragraphs set forth above inclusive, with the same force and effect as if hereinafter set forth at length.

42.     That all Defendants expressly represented to the users and the medical community that the product was safe and fit for its intended purposes, that it was of merchantable quality, and that they were adequately tested and fit for its intended use.

43.     Members of the medical community and those who examined and treated Plaintiff, Ellen Sigmund Costoso, in particular, relied upon the express representations and warranties of the Defendants for use in prescribing, recommending, and/or dispensing the product.

44.     Users of the products, including the Plaintiff, relied on the express representations and warranties of the Defendants that the product was safe and fit for their intended purpose and use.

45.     That all Defendants knew or should have known that said representations and warranties were in fact false, misleading, and untrue in that the product was not reasonably safe and fit for their intended use and were not of merchantable quality, but rather had a significant risk to produce serious injuries in their users; by reason of which Defendants breached the aforesaid express warranties.

46.     As a direct and proximate result of the aforementioned breach of express warranties by the Defendants, Plaintiff was caused to sustain permanent, severe and grievous personal injuries, as set forth herein.

47.     By reason of the foregoing, Plaintiff Ellen Sigmund Costoso has been damaged in the sum of TWENTY MILLION DOLLARS in compensatory damages, together with interest thereon.

### FOURTH CLAIM FOR RELIEF
### BREACH OF IMPLIED WARRANTY

48.     Plaintiff repeats, reiterate and realleges each and every allegation contained in the paragraphs set forth above inclusive, with the same force and effect as if hereinafter set forth at length.

49.     At all times herein mentioned, Defendants created, designed, formulated, fabricated, analyzed, tested, manufactured, labeled, produced, packaged, promoted, recommended, marketed, merchandized, advertised, distributed and sold Enbrel prior to and during the time Plaintiff used said product.

50.     That all Defendants impliedly represented and warranted to the users and the medical community in general and to Plaintiff Ellen Sigmund Costoso, in particular, that the product was safe, of merchantable quality and fit for the purpose for which the product was to be used.

51.     That all Defendants knew or should have known that said representations and warranties were false, misleading, and inaccurate in that the product was unsafe, unreasonably dangerous, not of merchantable quality, not appropriately and sufficiently tested, and defective; by reason of which, Defendants breached the aforesaid implied warranties

52.     Defendants breached their implied warranties of fitness and merchantability, insofar as the product was placed into the stream of commerce by Defendants in such a manner as to constitute an unreasonable danger and hazard to Plaintiff, Ellen Sigmund Costoso, when used for its intended purpose. The drug was defective, unsafe, and inherently dangerous condition and was expected to and did reach users, distributors, and persons coming into contact with the products without substantial change in the condition in which the products were manufactured, produced, distributed and sold.

53.     As a direct and proximate result of the aforementioned beach of implied warranties by Defendants, Plaintiff was caused to sustain permanent, severe, and grievous personal injuries as set forth herein.

54.     By reason of the foregoing, Plaintiff Ellen Sigmund Costoso has been damaged in the sum of TWENTY MILLION DOLLARS in compensatory damages together with interest thereon.

### FIFTH CLAIM FOR RELIEF
### FRAUDULENT MISREPRESENTATION

55.      Plaintiff repeats, reiterate and realleges each and every allegation

contained in the paragraphs set forth above inclusive, with the same force and effect as if

hereinafter set forth at length.

56.      At all times herein mentioned, all Defendants falsely and fraudulently

represented to the medical community, to its users and to Plaintiff Ellen Sigmund Costoso, in

particular, that the product had been tested and was found to be safe.  The representations

made by Defendants were, in fact, false.

57.      That all Defendants knew the aforesaid misrepresentations to be false;

willfully, wantonly and recklessly disregarded whether their representations were true; made

the said representations with the intent of defrauding and deceiving the users of the products

and the medical community in order to induce persons to use the products and to induce the

medical community to prescribe, dispense and purchase the products.  All of Defendants'

actions set forth above evince a callous, reckless, willful, and depraved indifference to the life,

health, safety and welfare of the products' intended users including Plaintiff.

58.      At the time the aforesaid misrepresentations were made by

Defendants, users of the products, including Plaintiff, could not, by the exercise of reasonable

care, have discovered the falsity  of Defendants' representations and, therefore, reasonably

believed them to be true.  In reliance upon and representations, Plaintiff was induced to and did

use the products causing her to sustain serious injuries.

59.     As a result of the fraudulent misrepresentation of the Defendants set forth above, Defendants sought to and in fact did obtain FDA approval of the products in their defective form and otherwise placed the product into the stream of commerce with harmful results to their users. Defendants knew or should have known and been aware that the product had been insufficiently tested, lacked adequate warnings, and could lead to serious injury of its intended users.

60.     At all relevant times, all Defendants knew or reasonably should have known that the products had the potential to, could, and ultimately would cause severe injury to the users of the products and that the products were inherently dangerous.

61.     As a result of Defendants' fraudulent and deceitful conduct and misrepresentations, as set forth above Plaintiff was caused to sustain permanent, severe, and grievous personal injuries, as set forth herein

62.     By reason of the foregoing, Plaintiff Ellen Sigmund Costoso has been damaged in the sum of TWENTY MILLION DOLLARS in compensatory damages together with interest thereon.

## SIXTH CLAIM FOR RELIEF
## BREACH OF DUTY TO WARN

63.      Plaintiff repeats, reiterate and realleges each and every allegation contained in the paragraphs set forth above inclusive, with the same force and effect as if hereinafter set forth at length.

64.      At all times herein mentioned, the Defendants manufactured, distributed, recommended, merchandised, advertised, promoted and sold the product as hereinabove described and prior to and during the time that the Plaintiff used the drug.

65.      The Product was placed into the stream of commerce by the Defendants in a defective, unsafe and inherently dangerous condition in that the product and its component materials were expected to and did reach users, distributors, and persons coming into contact with the product without substantial change in the condition in which the product was produced, manufactured, distributed and sold.

66.      The product did not contain appropriate, adequate and sufficient warnings and instructions of safety precautions to be observed by users, distributors, and persons who would reasonably and foreseeably use and come into contact with the product.

67.      As a result of Defendants' breach of their duties to warn, Plaintiff was proximately caused to sustain severe and grievous personal injuries, as set forth herein

68.     By reason of the foregoing Plaintiff Ellen Sigmund Costoso has been damaged as against the Defendants in the sum of TWENTY MILLION DOLLARS in compensatory damages together with interest thereon.

### SEVENTH CLAIM FOR RELIEF
### LOSS OF CONSORTIUM

69.     Plaintiff repeats, reiterate and realleges each and every allegation contained in the paragraphs set forth above inclusive, with the same force and effect as if hereinafter set forth at length.

70.     That Plaintiff Jack Costoso was at all times legally married to Plaintiff Ellen Sigmund Costoso.

71.     That by reason of the severe and permanent injury caused to Ellen Sigmund Costoso, Plaintiff Jack Costoso has suffered a loss of services, and consortium with his wife, causing him severe emotional trauma and distress.

72.     By reason of the foregoing, Plaintiff Jack Costoso has been damaged in the sum of ONE MILLION DOLLARS, together with interest thereon.

### EIGHTH CLAIM FOR RELIEF
### PUNATIVE DAMAGES

73.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs set forth above inclusive with the same force and effects as if hereinafter set forth at length.

74. That the aforesaid actions of all Defendants, under the theory of strict liability, negligence, breach of express warranty, breach of implied warranty, fraudulent misrepresentations or breach of duty to warn, were done knowingly, willfully, maliciously, wantonly, grossly negligently, in an attempt to maximize profits, without care, concern or regard to the public of Enbrels inherent danger.

75. By reason of the foregoing, Plaintiff Ellen Sigmund Costoso seeks punitive damages in the sum of ONE HUNDRED MILLION DOLLARS together with interest thereon.

## PAYER FOR RELIEF

WHEREFORE, Plaintiff Ellen Sigmund Costoso and Jack Costoso, demands judgment against Defendants on each cause of action as set forth above, together with interest, together with the costs and disbursements of this action together with all further relief this Court deems just and proper.

By: _____

**LAW OFFICE OF RONALD SAFFNER**
110 Wall St. 11th Floor
New York, NY 10005
212-619-6030

Dated: New York, New York
April 24, 2009



FSC

Mixed Sources

Cert no. SW-CGC-002589
www.fsc.org
© 1996 Forest Stewardship Council

200907060 252

200907060 395



Hasler

016H2652O531
$06.660
07/07/2009
Mailed From 12231
US POSTAGE

**CERTIFIED MAIL**

RETURN RECEIPT REQUESTED

7111 5495 5683 1775 6659

USA CERTIFIED

• S.497,648 • 5,568,809 •
• Patent 5,375,277 •
1-UP Laser Form ™ / USA CM47-075 11/03

PS Form 3800 6/02

New York State Department of State
99 Washington Avenue
Albany, NY 12231

Receipt # 2009070060252

Sender:

Article Addressed To:

AMGEN INC.
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543

COMPLETE THIS SECTION ON DELIVERY

A. Signature ( □ Addressee or □ Agent)

X

B. Received By:  (Please Print Clearly)

C. Date of Delivery

D. Addressee's Address (If Different from Address Used by Sender)

Secondary Address / Suite / Apt. / Floor    (Please Print Clearly)

Delivery Address

City                    State    ZIP + 4 Code

State of New York - Department of State
Division of Corporations

Plaintiff/Petitioner:
COSTOSO, ELLEN SIGMUND

Party Served:
AMGEN INC.

C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 07/06/2009 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
This copy is being transmitted pursuant to such statute to the address
provided for such purpose.

Very truly yours,
Division of Corporations



FSC

Mixed Sources

Cert no. SW-COC-003536
www.fsc.org
© 1996 Forest Stewardship Council

Plaintiffs          :     Case No.

– against –                :

:

WYETH, WYETH PHARMACEUTICALS INC.,          :
IMMUNEX CORP., AMGEN INC., JOHN DOES 1-10    :
AND XYZ CORPORATIONS 1-10,                   :

:

Defendants.       :

---------------------------------------------------------------------X


## DEFENDANT WYETH'S CONSENT TO REMOVAL

Defendant Wyeth, by and through its counsel, with full reservation of any and all

rights and defenses, hereby consents to the removal of the action, <u>Costoso, et al. v. Wyeth, et al.</u>,

Index Number 15200/09, from the Supreme Court of the State of New York, County of Kings, to

the United States District Court for the Eastern District of New York.

Dated: August 3, 2009

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
Daniel J. Thomasch (DT-1740)
Lauren J. Elliot (LE-5581)
666 Fifth Avenue
New York, NY 10103
Telephone: (212) 506-5000
Email: dthomasch@orrick.com
Email: lelliot@orrick.com

*Attorneys for Defendant Wyeth*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELLEN SIGMUND COSTOSO, JACK COSTOSO         :
                                                                         :
                                        Plaintiffs               :        Case No.
                                                                         :
           – against –                                            :
                                                                         :
WYETH, WYETH PHARMACEUTICALS INC.,         :
IMMUNEX CORP., AMGEN INC., JOHN DOES 1-10   :
AND XYZ CORPORATIONS 1-10,                         :
                                                                         :
                                        Defendants.            :
------------------------------------------------------------------X

## DEFENDANT WYETH PHARMACEUTICALS INC.'S CONSENT TO REMOVAL

Defendant Wyeth Pharmaceuticals Inc., by and through its counsel, with full

reservation of any and all rights and defenses, hereby consents to the removal of the action, Costoso,

et al. v. Wyeth, et al., Index Number 15200/09, from the Supreme Court of the State of New York,

County of Kings, to the United States District Court for the Eastern District of New York.

Dated: August 3, 2009

                                        Respectfully submitted,

                                        ORRICK, HERRINGTON & SUTCLIFFE LLP

                                        By:  _____
                                               Daniel J. Thomasch (DT-1740)
                                               Lauren J. Elliot (LE-5581)
                                               666 Fifth Avenue
                                               New York, NY  10103
                                               Telephone: (212) 506-5000
                                               Email: dthomasch@orrick.com
                                               Email: lelliot@orrick.com

                                        *Attorneys for Defendant*
                                        *Wyeth Pharmaceuticals Inc.*